# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOB KRIST, <br>             Plaintiff, <br> v. <br> SCHOLASTIC, INC., <br>             Defendant. | : <br> : <br> : <br> : CIVIL ACTION NO. 16-6251 <br> : <br> : <br> : |

## MEMORANDUM OPINION

RUFE, J.                                                                                                                                             MAY 30, 2017

Before the Court is Defendant Scholastic, Inc.'s Motion to Dismiss Plaintiff's Complaint or, in the Alternative, to Transfer Venue. For the reasons that follow, the motion will be denied.

## I. BACKGROUND

Plaintiff Bob Krist is a professional photographer who seeks to hold Defendant, the world's largest publisher and distributor of children's books, liable for infringements of copyrights on forty-five of his photographs, all of which have been registered with the United States Copyright Office.[1] Plaintiff alleges he entered into a licensing agreement with Corbis Corporation, a "stock photo agency," that granted Corbis limited rights to sublicense the photographs to third parties in exchange for a percentage of the fees Corbis received.[2] Corbis licensed Plaintiff's photographs to Defendant under Preferred Pricing Agreements ("PPAs") that limited Scholastic's use by setting limits on the "number of copies, distribution area, image size, language, duration and/or media (print or electronic)."[3]

---

[1] These allegations are drawn from Plaintiff's complaint, Doc. No. 1, and are taken as true for purposes of this motion.

[2] *Id.* ¶ 8.

[3] *Id.* ¶ 11.

Plaintiff alleges Defendant infringed his copyrights by: (1) "printing or distributing more copies of the Photographs than authorized"; (2) "distributing publications containing the Photographs outside the authorized distribution area"; (3) "publishing the Photographs in electronic, ancillary, or derivative publications without permission"; (4) "publishing the Photographs in international editions and foreign publications without permission"; and (5) "publishing the Photographs beyond the specified time limits."[4] Plaintiff also alleges Defendant has been sued at least ten times by other plaintiffs for similar alleged copyright infringements.[5]

Defendant has moved to dismiss, arguing that Plaintiff has failed to plead the elements of infringement. In the alternative, Defendant seeks to transfer this case to the Southern District of New York. Defendant also argues that if this case proceeds, discovery should be limited to whether Plaintiff's complaint is barred by the statute of limitations.

## II. LEGAL STANDARD

Dismissal for failure to state a claim is appropriate if the complaint fails to allege facts sufficient to establish a plausible entitlement to relief.[6] In evaluating Defendant's motion, the Court "take[s] as true all the factual allegations of the [complaint] and the reasonable inferences that can be drawn from them," but "disregard[s] legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements."[7] Instead, to prevent dismissal, complaints must "set out sufficient factual matter to show that the claim is facially plausible."[8]

---

[4] *Id.* ¶¶ 13(a)-(e).

[5] *Id.* ¶¶ 16(a)-(j).

[6] *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

[7] *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

[8] *Fowler*, 578 F.3d at 210 (citation and internal quotation marks omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

## III. ANALYSIS

### A. Motion to Dismiss for Failure to State a Claim

To state a claim for copyright infringement, Plaintiff must allege: "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work."[10] Defendant argues the second element is lacking because Plaintiff has not alleged "by what acts and during what time" infringement occurred.[11] However, Plaintiff alleges Defendant infringed his copyrights in five ways shortly after Defendant licensed his works, which is sufficient to state a claim.[12] Courts routinely deny motions to dismiss similar copyright claims, and the same result obtains here.[13]

Defendant also argues that Plaintiff fails to plead adequately the time period of infringement. But Plaintiff alleges infringement occurred "shortly after" Defendant licensed

---

[9] *Santiago*, 629 F.3d at 128 (citations and internal quotation marks omitted).

[10] *Malibu Media, LLC v. Doe*, 82 F. Supp. 3d 650, 653 (E.D. Pa. 2015) (citing *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002)).

[11] Doc. No. 9-1 (Memorandum of Law in Support of Defendant's Motion to Dismiss) at 5.

[12] The Court declines to adopt Defendant's suggestion that a heightened pleading standard applies based on *Gee v. CBS, Inc.*, 471 F. Supp. 600, 643 (E.D. Pa. 1979), which predates *Twombly* and *Iqbal* by decades. Even if the Court were to apply such a standard, Plaintiff has adequately alleged specific violations of his copyrights.

[13] *See Clifton v. Houghton Mifflin Harcourt Publ'n Co.*, 152 F. Supp. 3d 1221, 1224 (N.D. Cal. 2015) ("After *Twombly* and *Iqbal*, in the book publishing context, numerous courts have denied motions to dismiss copyright infringement claims where the plaintiff alleged . . . that the defendant exceeded the limitations in licenses for photographs by, for example, printing more copies of the publication than authorized, publishing the photographs in derivative publications without permission, and distributed the publication outside of the authorized distribution area.") (collecting cases; citations omitted); *Quadratec, Inc. v. Turn 5, Inc.*, Civil Action No. 13-6384, 2015 WL 4876314, at *4 (E.D. Pa. Aug. 13, 2015) (denying motion to dismiss copyright claim and explaining that "[a]lthough Plaintiff did not provide the exact date of infringement for each of the" copyrighted images, "it is not fatal to [Plaintiff's] copyright claim that the Complaint fails to specify how each particular photograph has been infringed") (quoting *Warren v. John Wiley & Sons, Inc.*, 952 F. Supp. 2d 610, 618 (S.D.N.Y. 2013)) (internal quotation marks omitted); *Young-Wolff v. McGraw-Hill Sch. Ed. Holdings, LLC*, No. 13-CV-4372 (KMW), 2015 WL 1399702, at *3-4 (S.D.N.Y. Mar. 27, 2015) (denying motion to dismiss similar copyright claim); *see also Briggs v. Gall*, Civil Action No. 13-5395, 2014 WL 12616828, at *5 (E.D. Pa. Apr. 21, 2014) (rejecting argument that complaint failed to plead infringement where plaintiff alleged that defendant reproduced, distributed, and displayed copyrighted works without permission).

3

Plaintiff's works, which other courts have found sufficient at the pleading stage.[14] That makes sense in copyright cases such as this, where the Plaintiff alleges that specific facts regarding infringement are uniquely within Defendant's control and cannot be pleaded with specificity prior to discovery.[15] Defendant's motion to dismiss will be denied.

## B. Motion to Transfer Venue

Alternatively, Defendant seeks to transfer this case to the Southern District of New York. Defendant argues primarily that transfer is warranted because the PPAs between Corbis and Defendant (to which Plaintiff is not a party) contain forum-selection clauses designating the Southern District of New York as the venue for disputes regarding those agreements. Defendant also argues that, independent of the forum-selection clauses, transfer is warranted under 28 U.S.C. § 1404(a).[16]

### 1. The Forum-Selection Clauses in the PPAs Do Not Mandate Transfer

Defendant argues that forum-selection clauses in the PPAs mandate transfer. In general, "a plaintiff's choice of forum should rarely be disturbed" and a plaintiff's choice of his home forum, in particular, is "entitled to greater deference."[17] But "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause," barring exceptional circumstances.[18]

Forum-selection clauses identical to those at issue here have engendered considerable

---

[14] *Young-Wolff*, 2015 WL 1399702 at *2 (allegation that infringement occurred "shortly after" the defendants licensed plaintiff's work was sufficient to state a copyright claim). *But see Yamashita v. Scholastic, Inc.*, No. 16-CV-9201 (KBF), 2017 WL 74738, at *2 (S.D.N.Y. Jan. 5, 2017) (dismissing similar copyright claim).

[15] *See Clifton*, 152 F. Supp. 3d at 1225 (rejecting argument that plaintiff should have better investigated copyright claim before filing suit because the facts needed to substantiate plaintiff's allegations were "peculiarly within the possession and control" of the defendant) (internal quotation marks omitted).

[16] Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any district or division where it might have been brought . . . ."

[17] *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 255 (1981) (citations omitted).

[18] *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 134 S. Ct. 568, 581 (2013) (footnote omitted).

4

litigation, and courts in this district are split regarding whether the clauses apply to copyright claims by non-parties such as Plaintiff.[19] However, in two recent cases—*Steinmetz v. McGraw-Hill* and *Krist v. Pearson* (another lawsuit brought by Plaintiff)—courts have rejected arguments similar to those raised by Defendant and held that the forum-selection clauses do not govern copyright claims asserted by non-parties.[20] As explained below, the Court agrees with the reasoning in *Steinmetz* and *Pearson* and concludes that the forum-selection clauses do not apply to Plaintiff's claim for two reasons: (1) the clauses do not govern Plaintiff's copyright claim because it is not a dispute regarding the PPAs; and (2) Plaintiff is not a party to the PPAs and so cannot be bound by their terms.

### a. The Forum-Selection Clauses Do Not Govern Plaintiff's Copyright Claim

First, the forum-selection clauses do not apply to Plaintiff's claim because they govern only "dispute[s] *regarding this agreement*," meaning disputes regarding the PPAs.[21] As the court explained in *Steinmetz*, copyright claims are not disputes "regarding" the PPAs because they seek to enforce rights under the Copyright Act, not contractual rights under the PPAs.[22]

---

[19] *Compare Krist v. Pearson Educ., Inc.*, Civil Action No. 16-6178, 2017 WL 1344396, at *3 (E.D. Pa. Apr. 12, 2017) (holding Corbis forum-selection clauses did not govern similar copyright claim by Plaintiff against publisher) *and Steinmetz v. McGraw-Hill Glob. Educ. Holdings, LLC*, Civil Action No. 15-6600, 2016 WL 7048951, at *7 (E.D. Pa. Dec. 5, 2016) (same), *with Keller v. McGraw-Hill Glob. Educ. Holding, LLC*, No. 16-1778, 2016 WL 4035613, at *6 (E.D. Pa. July 28, 2016) (reaching the opposite conclusion in copyright case brought by a different plaintiff but involving substantially similar forum-selection clauses).

[20] *See Krist*, 2017 WL 1344396, at *3; *Steinmetz*, 2016 WL 7048951, at *7.

[21] The clause provides, in relevant part: "Any dispute regarding this Agreement shall be governed by the laws of the State of New York . . . and the parties agree to accept the exclusive jurisdiction of the state and federal courts in New York, New York regardless of conflicts of laws." Doc. No. 9-3 (Ex. A to Seidenfeld Decl.) at 9; Doc. No. 9-4 (Ex. B to Seidenfeld Decl.) ¶ 21; Doc. No. 9-5 (Ex. C to Seidenfeld Decl.) ¶ 21 (PPAs). As Defendant acknowledges, the forum-selection clauses may, at most, cover 24 of the 45 allegedly infringing uses of Plaintiff's works. Doc. No. 9-1 at 8.

[22] *See Steinmetz* 2016 WL 7048951, at *7; *see also Light v. Taylor*, 317 F. App'x 82, 83-84 (2d Cir. 2009) (summary order) ("Forum selection clauses are enforced only when they encompass the claim at issue. The relevant clause here applies only to disputes 'regarding' the agreement. [The plaintiff]'s copyright claims are not governed by the forum selection clause because they do not encompass a dispute with respect to the Corbis agreement.") (citation omitted).

Defendant argues that Plaintiff's claim necessarily depends on the PPAs because the complaint alleges that Defendant exceeded licenses for the use of Plaintiff's photographs contained in the PPAs.[23] This argument conflates the issue of whether the PPAs provide a *defense* to Plaintiff's copyright claim with the issue of whether the PPAs give rise to Plaintiff's claim in the first instance, which they plainly do not. As the court held in *Steinmetz*, "Plaintiff's ownership of his photographs is premised not upon any contract, but rather upon his status as creator of the photographs."[24] Although the PPAs "may provide a defense to Plaintiff's complaint of unauthorized copying," they do "not give rise to an action under the Copyright Act."[25] Thus, because Plaintiff's claim does not depend on or arise under the PPAs, it is not subject to their forum-selection clauses.

### b. The Forum-Selection Clauses Do Not Bind Non-Parties Such as Plaintiff

Second, the forum-selection clauses do not bind non-parties such as Plaintiff, as the court held in *Pearson*, which concerned a similar copyright claim.[26] As the court in *Pearson* explained, the forum-selection clauses are prefaced by the phrase "the *parties* agree" and thus by their plain terms have no bearing on copyright claims brought by non-parties.[27] Defendant nevertheless argues that Plaintiff should be bound by the forum-selection clauses because: (1) Corbis was acting as Plaintiff's agent when it entered into the PPAs; and (2) Plaintiff was a beneficiary of the PPAs. Both of these arguments were rejected in *Pearson* and they are unavailing here as well.

---

[23] Doc. No. 9-1 at 10.

[24] *Steinmetz*, 2016 WL 7048951, at *7; *see also Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755 (7th Cir. 2016) ("[A] plaintiff is *not* required to prove that the defendant's copying was unauthorized in order to state a *prima facie* case of copyright infringement.") (citations omitted), *cert. denied*, 137 S. Ct. 681 (2017).

[25] *Steinmetz*, 2016 WL 7048951, at *7.

[26] *Pearson*, 2017 WL 1344396, at *3 (E.D. Pa. Apr. 12, 2017).

[27] *Id.*

6

Plaintiff cannot be bound to the PPAs under the theory that Corbis was his agent because Plaintiff "did not retain" the requisite "continued control or direction over Corbis" to create a principal-agent relationship.[28] Plaintiff's agreement with Corbis gave Corbis "sole discretion" to determine the terms and conditions of any licenses to use Plaintiff's work, making clear that Plaintiff had no direct control over Corbis's licensing practices.[29] Plaintiff's agreement with Corbis also expressly allowed Corbis to act as Plaintiff's agent only for the "purpose of making [certain] settlements and collections," suggesting that Corbis was not otherwise Plaintiff's agent.[30] Plaintiff thus cannot be held to the forum-selection clauses under an agency theory.

Nor was Plaintiff a beneficiary of, or closely related to, the PPAs such that he can be held to their terms. In rare circumstances, forum-selection clauses are enforceable against non-parties, but "only if the [non-]party is a third-party beneficiary to the contract or it is 'foreseeable' that it will be," meaning the non-party "is closely related to the contractual relationship."[31] That is not the case here. The PPAs were not entered into for Plaintiff's benefit, Plaintiff does not assert rights based on their terms, and Plaintiff has not attempted to interfere with the PPAs such that it would be reasonable to force him to litigate under their terms.[32] That

---

[28] *Id.* at *3.

[29] Doc. No. 13-2 (Motion Representation Agreement between Plaintiff and Corbis) § 1 ("Corbis may accept or reject submitted Content for representation under this Agreement in its sole discretion."); *id.* § 8 ("Corbis may determine at our sole discretion the terms and conditions of any license, marketing or distribution of your Accepted Content . . .").

[30] *Id.* § 17 (stating that Plaintiff "authorizes Corbis to act as its agent and attorney-in-fact for the purpose of making such settlements and collections"); *see also Pearson*, 2017 WL 1344396, at *4 (in similar lawsuit brought by Plaintiff, concluding that agreement between Plaintiff and Corbis did not create principal-agent relationship).

[31] *Beth Schiffer Fine Photographic Arts, Inc. v. Colex Imaging, Inc.*, No. 10-cv-5321 (WHW), 2014 WL 1908500, at *3 (D.N.J. Nov. 25, 2015) (citations omitted).

[32] *See Pearson*, 2017 WL 1344396, at *3 (finding Plaintiff was not beneficiary of or closely related to agreement between Pearson and Corbis because Plaintiff asserted only copyright claims and did not seek to enforce the terms of the agreement); *see also Beth Schiffer Fine Photographic Arts, Inc.*, 2014 WL 1908500, at *4-5 (finding plaintiff was not a third-party beneficiary of or closely related to warranty containing forum-selection clauses because the warranty was not intended to benefit plaintiff and plaintiff was not employed by or the principal of any of the

7

distinguishes this case from those in which courts have found forum-selection clauses enforceable against a non-signatory.[33] As in *Pearson*, the Court concludes that Plaintiff cannot be bound to forum-selection clauses he did not assent to and has not sought to enforce.

### c. Transfer Is Not Warranted Under § 1404(a)

Defendant also argues briefly that, even absent the forum-selection clauses, this case should be transferred to the Southern District of New York under § 1404(a). "The burden of establishing the need for transfer . . . rests with the movant."[34] In evaluating motions to transfer, courts consider a multitude of public and private interests. Among the relevant private interests are the parties' forum preferences, where the claim arose, the convenience of the parties, the convenience of witnesses, and the location of relevant documents.[35] The relevant public interests include the enforceability of the judgment, various practical considerations, and court congestion in the relevant fora.[36]

A review of these factors easily demonstrates that Defendant has not met its burden. The balance of private interests tilts heavily in favor of Plaintiff. His choice of his home state as a forum is entitled to deference, he has sued a corporate defendant that doubtless has the wherewithal to defend itself in this Court, and Defendant has not argued that its documents and

---

signatories to the warranty). *Compare Lefkowitz v. McGraw-Hill Cos.*, Civil Action No. 13-1661, 2013 WL 3061549, at *4 (E.D. Pa. June 19, 2013) (holding that forum-selection clauses in Corbis licensing agreements bound non-signatory plaintiff because the plaintiff asserted a claim for breach of those licensing agreements).

[33] For example, in *Synthes, Inc. v. Emerge Medical, Inc.*, 887 F. Supp. 2d 598 (E.D. Pa. 2012), relied upon by Defendant, the court found that the non-signatory defendant was "closely related" to a non-compete agreement containing a forum-selection clause because the defendant allegedly interfered with that agreement by forming a competing business with employees who *had* signed the agreement. *Id.* at 610-12. In *Synthes*, unlike the present case, much of the dispute concerned the interpretation of the non-compete agreement and the defendant's alleged efforts to interfere with it, not a standalone copyright claim. *See id.*; *see also Pearson*, 2017 WL 1344396, at *3 (explaining that most cases, including *Synthes*, that have bound non-signatories to forum-selection clauses have done so on the basis that "the nonsignatories there were defendants who allegedly either interfered with . . . or made misrepresentations to induce entering into . . . contracts with forum selection clauses").

[34] *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (citations and internal quotation marks omitted).

[35] *Id.* (citations omitted).

[36] *Id.* (citations omitted).

8

witnesses would be unavailable for trial here. The public interest factors are more neutral, but to the extent they favor of Defendant at all, it is not enough to meet Defendant's burden of showing that transfer is warranted.[37] Defendant's motion to transfer will be denied.

### C. Motion to Limit Discovery

Finally, Defendant argues that Plaintiff's claim is barred by the statute of limitations and requests that discovery be limited to that issue.[38] Federal copyright claims are subject to a three-year statute of limitations.[39] "[I]n the case of successive violations of the Copyright Act, the limitations period runs separately from the date of each violation."[40] "Under the Third Circuit discovery rule, the statute of limitations is subject to equitable tolling until 'the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim.'"[41]

Defendant appears to acknowledge that dismissal on statute-of-limitations grounds would be inappropriate given the factual dispute regarding when Plaintiff discovered his claims.[42] Instead, Defendant argues that because Plaintiff's claims may be time-barred, discovery should be limited to that issue. Defendant also argues that even if Plaintiff's complaint was timely, Plaintiff should be limited to recovering damages for infringements that occurred within the

---

[37] Litigation in either forum would inevitably be somewhat inconvenient for one of the parties, and while cases in this District tend to be resolved, on average, more quickly than in the Southern District of New York, the Court is confident that either venue would be capable of overseeing this lawsuit and enforcing any judgment resulting from it. See Doc. No. 13-15 (Albrecht Decl. Ex. L) ("judicial caseload profile" showing that the average time from filing to disposition in the Southern District of New York is 9.2 months, compared with 5 months in this district).

[38] Doc. No. 9-1 at 12.

[39] 17 U.S.C. § 507(b).

[40] *Raucci v. Candy & Toy Factory*, 145 F. Supp. 3d 440, 449 (E.D. Pa. 2015) (citing *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969 (2014)).

[41] *Grant Heilman Photography, Inc. v. McGraw-Hill Cos.*, 28 F. Supp. 3d 399, 411 (E.D. Pa. 2014) (quoting *William A. Graham Co. v. Haughey*, 568 F.3d 425, 438 (3d Cir. 2009)).

[42] *See Raucci*, 145 F. Supp. 3d at 449-50 (declining to dismiss copyright claim where there was a "factual dispute whether the limitations period was tolled").

three years before the complaint was filed.

Defendant's request to limit discovery will be denied because it is unclear whether Defendant will prevail on its statute-of-limitations defense, and the Court sees no reason to preclude Plaintiff from seeking discovery regarding the merits of his claim while Defendant explores its defenses. Indeed, the evidence necessary to prove infringement—including the dates on which infringement occurred—will likely overlap with evidence relevant to the timeliness of Plaintiff's claims, meaning that limiting Plaintiff's ability to seek discovery is unlikely to promote efficiency.[43]

Nor can the Court conclude on the current record that Plaintiff is barred from recovering for infringements that occurred more than three years before he filed suit. Claims based on such infringements may be timely under the Third Circuit discovery rule so long as Plaintiff filed suit within three years of discovering them.[44] Thus, the Court will not limit the scope of Plaintiff's claims at this early stage.

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion will be denied. An appropriate Order will follow.

---

[43] *Cf. Frerck v. John Wiley & Sons, Inc.*, Case No.11-cv-2727, 2014 WL 3512991, at *6 (N.D. Ill. July 14, 2014) (explaining that the circumstances and date of copyright infringements must be established in order for a court to determine whether claims based on such infringements are time-barred).

[44] *See Raucci*, 145 F. Supp. 3d at 449-50 (denying motion to dismiss copyright claims relating to alleged violations that occurred more than three years before plaintiff filed suit because "the discovery rule and equitable tolling may apply" to allow plaintiff to recover for such violations).

Defendant relies on the Supreme Court's decision in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, which held that laches does not bar otherwise-timely copyright claims. *See* 134 S. Ct. at 1969. However, other courts have rejected similar arguments based on *Petrella*, as *Petrella* did not expressly address the discovery rule. *See Energy Intelligence Grp., Inc. v. Scotia Capital (USA) Inc.*, 16-cv-00617 (PKC)(KNF), 2017 WL 432805, at *2 (S.D.N.Y. Jan. 30, 2017) ("[U]nder no reasonable reading of *Petrella* could the opinion be interpreted to establish a time limit on the recovery of damages separate and apart from the statute of limitations."); *see also Grant Heilman Photography*, 28 F. Supp. 3d at 411 ("[T]his Court does not find that *Petrella* overruled the Third Circuit discovery rule[.]").